IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDWARD DIERINGER, an individual, and TERESA DIERINGER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CROOKED RIVER MEDICAL SOLUTIONS, LLC, an Ohio limited liability company; CHRIS GALGOCZY, an individual; and LAURA SAGRATI-JONES, an individual, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Case No. 2:20-cv-00239 <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

This case concerns a loan that Plaintiffs Edward Dieringer and Teresa Dieringer made to Defendants Crooked River Medical Solutions, LLC, Chris Galgoczy, and Laura Sagrati-Jones. When Defendants defaulted on the loan, Plaintiffs filed this action seeking recovery of the loan's unpaid principal plus interest. Defendants have not entered an appearance in this case. Plaintiffs subsequently obtained certificates of default as to each Defendant and filed a Motion for Entry of Default Judgment.[1] For the reasons explained below, Plaintiffs' Motion is GRANTED.

## BACKGROUND[2]

On April 20, 2019, Plaintiffs loaned Defendants $190,030.00.[3] The parties signed a "Cognovit Promissory Note" (Note) to evidence the loan.[4]

---

[1] Dkt. 23.

[2] When considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation omitted) (internal quotation marks omitted)).

[3] Dkt. 2 ¶ 8.

[4] Dkt. 2 ¶ 9.

1

The Note provides that principal and interest would be payable in one installment no later than six months after execution of the Note.[5] Defendants did not make any payments in the six-month window,[6] nor have Defendants made any payments on the Note to date.[7] The Note further provides that "[i]f any installment under this Note is not paid when due," Defendants shall pay reasonable attorney fees and costs incurred by Plaintiffs in the collection of the Note.[8]

Plaintiffs filed this suit on April 9, 2020, alleging breach of contract and seeking damages in the amount of unpaid principal plus interest under the Note and reasonable attorney fees and costs.[9] Defendants have not entered an appearance in this action. On July 7, 2020, Plaintiffs filed a Motion for Entry of Default against each Defendant,[10] and the clerk entered certificates of default for each Defendant on July 15, 2020.[11] Thereafter, Plaintiffs filed their Motion for Default Judgment against Defendants.[12]

## ANALYSIS

### I. DEFAULT JUDGMENT

To obtain a default judgment, a party must follow the two-step procedure outlined in Federal Rule of Civil Procedure 55. First, the party must obtain an entry of default from the clerk of court.[13] Second, after default has been entered, the party must seek an entry of default

---

[5] Dkt. 2 at 7. Thus, payment was due no later than October 20, 2019. The Note provides that interest will accrue at a rate of 10% per annum for any payment made up and until October 20, 2019. Dkt. 2 at 14. The Note further provides that interest will accrue at a rate of 15% per annum for any unpaid balance after October 20, 2019. Dkt. 2 at 16.

[6] Dkt. 2 ¶ 14.

[7] Dkt. 2 ¶ 16.

[8] Dkt. 2 at 9.

[9] Dkt. 2 at 4–5.

[10] *See* dkt. 17; dkt. 18; dkt. 19.

[11] *See* dkt. 20; dkt. 21; dkt. 22.

[12] Dkt. 23.

[13] Fed. R. Civ. P. 55(a).

judgment.[14]  Before the court can enter default judgment, however, it must first consider whether it has jurisdiction, whether Plaintiffs have stated a legitimate claim for relief, and whether the amount of damages are ascertainable.

## A. Jurisdiction

"When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[15]  Having conducted this inquiry, the court concludes it can exercise both subject matter jurisdiction over this case and personal jurisdiction over Defendants.

The Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332 as the basis for the court's subject matter jurisdiction.[16]  Diversity jurisdiction under Section 1332 requires complete diversity among the parties—that is, "no plaintiff may be a citizen of the same state as any defendant"—and an amount in controversy in excess of $75,000.[17]  At all relevant times, Plaintiffs have been citizens of Utah and Defendants have been citizens of Ohio.[18]  And the amount in controversy here exceeds $75,000.  Therefore, diversity jurisdiction exists.

With respect to personal jurisdiction, the Note has a forum selection clause that states it shall be construed under Ohio law and provides, "[Defendants] hereby consent[] to service of process and consent[] and submit[] to the jurisdiction of any court of competent jurisdiction in

---

[14] Fed. R. Civ. P. 55(b).

[15] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (citation omitted) (internal quotation marks omitted).

[16] Dkt. 2 ¶ 6.

[17] *See Grynberg v. Kinder Morgan Energy Partners, LP*, 805 F.3d 901, 905 (10th Cir. 2015).

[18] Dkt. 2 ¶¶ 1–4.  For purposes of diversity jurisdiction, the citizenship of Defendant Crooked River Medical Solutions, LLC is "determined by including all the entities' members." *Management Nominees, Inc. v. Alderny Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016) (citations omitted).  The Complaint alleges the members of Crooked River are Defendants Chris Galgoczy and Laura Sagrati-Jones, who are both citizens of Ohio. Dkt. 2 ¶ 2.  Thus, Crooked River is an Ohio citizen for purposes of diversity jurisdiction.

Hamilton County, Ohio . . . *as well as any other court which would otherwise have jurisdiction*."[19]  This court is a "court which would otherwise have jurisdiction."  As explained above, the court can exercise subject matter jurisdiction over this matter.  Thus, this court would "otherwise" have jurisdiction but for the issue of personal jurisdiction over Defendants.  That is, Defendants' consent to personal jurisdiction in this court is the only issue preventing this court from having jurisdiction.[20]  As a result, Defendants have consented to personal jurisdiction in this court.

### B. Legitimate Cause of Action and Ascertainable Damages

Having concluded it has jurisdiction, the court must now "consider whether the unchallenged facts constitute a legitimate cause of action, since a party does not admit mere conclusions of law."[21]  To that end, "[t]here must be a sufficient basis in the pleadings for the judgment entered."[22]  Further, assuming there is a legitimate cause of action, the court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation."[23]

---

[19] Dkt. 2 at 10 (emphasis added).  It is well established—under both federal law and Ohio law—that parties may consent to personal jurisdiction but may not consent to subject matter jurisdiction.  *See*, *e.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Keehan Tenn. Investment, LLC v. Praetorium Secured Fund I, L.P.*, 71 N.E.3d 325, 331 (Ohio Ct. App. 2016).  Thus, the Note's reference to consent to jurisdiction is clearly a reference to consent to personal jurisdiction.

[20] Ohio courts adhere to the interpretive principle that "[a] contract should . . . be construed so as to give effect to all of its provisions."  *R.L.R. Investments, L.L.C. v. Wilmington Horsemens Group, L.L.C.*, 22 N.E.3d 233, 240 (Ohio. Ct. App. 2014).  The court's construction of the forum selection clause is the only construction that gives effect to all the terms of the clause.  Were the court to interpret "as well as any other court which would otherwise have jurisdiction" to mean any court which would otherwise have *personal* jurisdiction over Defendants, then the quoted language would be superfluous.  That is, there would be no need (or reason) for Defendants to consent to the personal jurisdiction of a court that could already exercise personal jurisdiction over them.  The only reading that gives effect to the entire forum selection clause is to interpret the quoted language as a reference to subject matter jurisdiction.

[21] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted).

[22] *Id.* (citation omitted).

[23] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (per curiam).

Plaintiffs' lone cause of action is one for breach of contract. To prove breach of contract under Ohio law,[24] a plaintiff must prove: "(1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach."[25]

Plaintiffs have clearly pleaded facts to support all four elements of their breach of contract claim. First, Plaintiffs have identified the Note as the relevant contract.[26] Second, Plaintiffs performed under the Note by disbursing the loan proceeds to Defendants.[27] Third, Defendants breached the contract by defaulting on payment under the terms of the Note.[28] And fourth, Plaintiffs have suffered damages in the amount of the payment due to them under the Note. Thus, Plaintiffs have pleaded a legitimate cause of action for breach of contract.

Further, Plaintiffs' claimed damages are capable of mathematical calculation. Specifically, Plaintiffs' claimed damages are the amount of the loan—$190,030.00—plus interest as determined by the Note—10% per annum prior to default and 15% per annum after default.[29] Thus, the court may enter default judgment without first holding an evidentiary hearing on damages.

### C. Plaintiffs Are Entitled to Default Judgment

Having satisfied the criteria identified above, Plaintiffs are entitled to a default judgment in the amount of $190,030.00, plus pre-judgment and post-judgment interest at the rate of 10%

---

[24] As mentioned above, the Note provides that it shall be construed in accordance with Ohio law. Dkt. 2 at 10.

[25] *Claris, Ltd. v. Hotel Dev. Servs., LLC*, 104 N.E.3d 1076, 1083 (Ohio Ct. App. 2018); *see also Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018) ("A cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss resulting from the breach.").

[26] Dkt. 2 ¶ 9.

[27] Dkt. 2 ¶ 8.

[28] Dkt. 2 ¶¶ 14, 16.

[29] Dkt. 2 at 4–5.

per annum from April 20, 2019, to October 20, 2019, and 15% per annum from October 20, 2019, until payment is made in full.

## II. ATTORNEY FEES[30]

Pursuant to the Note's attorney fees provision, Plaintiffs seek an award of attorney fees and costs in the amount of $6,738.00.[31]

Ohio courts generally follow Supreme Court precedent in determining the reasonableness of attorney fees.[32] To that end, the Ohio Supreme Court has held that "there is a strong presumption" that the lodestar "is the proper amount for an attorney-fee award."[33] The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[34] A reasonable hourly rate is "the prevailing market rate in the relevant community . . . given the complexity of the issues and the experiences of the attorney."[35]

Based on the evidence before it, the court concludes that Plaintiffs' counsel expended a reasonable numbers of hours—20.75 hours—on this litigation and that counsel's hourly rate—$300.00 per hour—is reasonable given the prevailing market rates in Utah, the complexity of the issues in this litigation, and the experience of Plaintiffs' counsel. The court also finds the costs incurred by Plaintiffs' counsel—costs associated with filing and serving the complaint—to be

---

[30] The court is cognizant of the Tenth Circuit's instruction that, in ruling on a motion for default judgment, "[a] court may not award attorney's fees without holding a hearing to determine the amount." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (per curiam). The court finds a hearing is unnecessary here, however, because Plaintiffs have provided sufficient documentation for the court to determine the reasonableness of the requested fee award. That is, the affidavit provided by Plaintiffs' counsel contains the same information the court would seek to elicit during a hearing. Thus, the court will consider Plaintiffs' counsel's affidavit in lieu of holding a formal hearing on the matter.

[31] Dkt. 23-3 at 2. Plaintiffs seek to recover attorney fees in the amount of $6,225.00 and costs in the amount of $513.00. Dkt. 23-3 at 2.

[32] *Phoenix Lighting Group, LLC v. Genlyte Thomas Group, LLC*, No. 2018-1076, 2020 WL 1445428, at *3 (Ohio Mar. 25, 2020).

[33] *Id.* at *5.

[34] *Id.* at *3.

[35] *Id.* (citations omitted).

reasonable. Thus, the court grants Plaintiffs' request for an award of attorney fees and costs in the amount of $6,738.00.

## CONCLUSION

For the reasons explained above, the court GRANTS Plaintiffs' Motion for Default Judgment[36] and orders as follows:

1. Final judgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $190,030.00 unpaid principal, plus pre-judgment and post-judgment interest. Interest on the unpaid principal shall accrue at a rate of 10% per annum from April 20, 2019, to October 20, 2019. Interest shall accrue at a rate of 15% per annum from October 21, 2019, until the judgment is paid in full.

2. Final judgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $6,378.00 in attorney fees and costs.

The Clerk of Court is directed to close the case.

**SO ORDERED** this 14th day of August 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[36] Dkt. 23.